In the Matter of the Estate of SAMUEL BROWN, Deceased.

Surrogate's Court, Montgomery County, January 29, 1934.

*Donald F. Boyle,* for the administrator with the will annexed.

*Sacharoff & Sacharoff* [*Hyman J. Sacharoff* of counsel], for James Brown.

AULISI, S. The brother of decedent objects to the account of the administrator with the will annexed on the ground that he has not received the full amount of his bequest under the terms of testator's will.

Samuel Brown, a resident of the city of Amsterdam, N. Y., executed a will on September 22, 1932, and another on September 25, 1932. He died on October 10, 1932. Both wills, the first of which had been drawn by an attorney and the second written on a page of a minute book, were offered for probate. By the terms of the first will James Brown, a brother of decedent, was bequeathed the sum of $1,000. The second will contained a bequest of $2,000 to said brother. Objections were filed to the probate of the will dated September 22, 1932, and while none were filed against the second will, the proof herein shows that objections were contemplated and if a compromise had not been effected they would have been filed.

A conference was held among all the parties interested in both wills, and in order to avoid long and expensive litigation said parties agreed upon a certain plan of dividing the estate. The second will was to be probated and as part of the plan the said James Brown agreed in writing to accept the sum of $1,000 in the place of the $2,000 legacy. He now objects to the account and contends that his signature to said agreement was obtained by misrepresentation, distortion and withholding of the true facts and circumstances by the son of the decedent and his attorneys and that there was no consideration for his relinquishing half of his bequest under said will.

With this contention I do not agree. I am satisfied from the proof herein that the objector knew of the existence of the two wills and their contents; that he discussed the matter in detail not only with the other persons interested in the wills but also with their attorneys; that he received the $1,000 shortly after the probate of the second will and apparently expressed satisfaction with the settlement.

I was impressed with the intelligence of the objector on the witness stand and I am satisfied that he understood the nature and importance of the entire transaction. The agreement is in clear and unmistakable language and in my opinion there was sufficient consideration for its execution. The last paragraph of said agreement, which reads as follows: " Now, therefore, James Brown of Franklinville, New Jersey, brother of decedent, in consideration of One Dollar and other further considerations, and being desirous of avoiding further litigation and to effect a compromise herein hereby agrees in the event the second will be established as the Last Will and Testament of Samuel Brown, deceased, to accept the sum of $1000.00 in full of his share thereunder and in lieu of any and all claims and demands against the estate of the said Samuel Brown, deceased," is binding upon the said James Brown.

I, therefore, hold and determine that there was no misrepresentation, distortion or withholding of the true facts and circumstances; that there was consideration for the execution of said agreement and that same is binding upon the objector.

The objections are dismissed. Enter decree accordingly.